## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **LILLIAN C. HAMILTON** | :: | |
| Plaintiff | | |
| | :: | Case No. 2:12cv 495 |
| | :: | Judge |
| | :: | Magistrate Judge |
| vs. | | |
| | :: | |
| **PARRI HOCKENBERRY** | | |
| c/o CHEEK LAW OFFICES, LLC. | :: | |
| 471 East Broad St., 12th Floor | | |
| Columbus, Ohio 43215 | :: | |
| | | |
| **CHEEK LAW OFFICES, LLC.** | :: | |
| c/o Emerson Cheek III | | |
| 471 East Broad St., 12th Floor | | |
| Columbus, Ohio 43215 | :: | |
| | | |
| **RIVERWALK HOLDINGS, LTD.** | :: | |
| aka RIVERWALK HOLDINGS OF | | |
| TEXAS, LTD | :: | |
| c/o CT Corporation System | | |
| 1300 East Ninth St. | :: | |
| Cleveland, Ohio 44114 | | |
| Defendants | :: | |

**Complaint Seeking Civil Damages, Costs and Attorney Fees For Deceptive, Unfair, and Unconscionable Debt Collection Practices; and Jury Demand**

## Parties

1. Plaintiff, **Lillian C. Hamilton** [hereinafter **"Hamilton"** or **"Plaintiff"**], is, and was at all times mentioned herein, a "consumer" as defined in 15 U.S.C. §1692a(3) and O.R.C. §1345.01(D), who was allegedly obligated to pay a debt.

2. Defendant, **Cheek Law Office, LLC.**, [hereinafter "**Cheek**" or collectively as "**Defendants**"] is a legal professional association organized under the laws of the state of Ohio, with a principal place of business in Columbus, Ohio which files collection lawsuits in Ohio Courts and, therefore, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. 1692a(6) and a supplier as defined in O.R.C. §1345.01(c)

3. Defendant, Parri Hockenberry, [hereinafter "**Hockenberry**" or collectively as "**Defendants**"] is an attorney purportedly licensed in the state of Ohio and employed by Defendant Cheek for the purpose of filing collection lawsuits in Ohio Courts and who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. 1692a(6) and a supplier as defined in O.R.C. §1345.01(c )

4. Defendant, **Riverwalk Holdings, Ltd.** aka **Riverwalk Holdings of Texas**, **Ltd.** [hereinafter "**Riverwalk**" or collectively as "**Defendants**"] appears to be a foreign for profit limited partnership residing in the state of Texas which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as defined in the Act at 15 U.S.C. §1692a.(6) and a supplier as defined in O.R.C. §1345.01( c ). It is an operation which purchases and acquires antiquated, distressed and delinquent consumer debt at drastically reduced prices and which then retains debt collectors such as defendant Cheek to bring suit on such debts in Ohio and, upon information and belief, in other state Courts.

## General Factual Allegations

5. On or about December 6, 2010 Defendants filed a suit for collection against Plaintiff on an allegedly unpaid account in the Franklin County, Ohio Municipal Court which is a court of limited subject matter jurisdiction defined by statute [hereinafter the "suit"].

6. At the time of the filing of the suit Plaintiff resided in Scioto County more than 120 miles from Franklin County. Although it is asserted by Defendants that Plaintiff was served by ordinary mail she never received the complaint and she is, therefore, unaware from whom Riverwalk purchased the account. Nevertheless, Plaintiff can truthfully assert that she could have not contracted for any debt allegedly owed by her in Franklin County since she has never resided in or near Franklin County, Ohio.

7. On or about February 16, 2011 Defendants sought and obtained a default judgment against Plaintiff.

8. On or about March 25, 2011 Defendants sought and obtained an Order for a writ of garnishment for Plaintiff's wages in the Franklin County, Ohio Municipal Court which again was a County in which the Plaintiff neither resided at the time of the filing nor one in which the alleged debt could have been contracted.

9. On or about February 8, 2012, Defendant Cheek, in connection with and in furtherance of its garnishment efforts, submitted and filed a sworn statement in the Franklin County Municipal Court which it captioned "affidavit of current balance due on garnishment order" in which it asserted that the current balance due on its judgment was $2,265.87.

## Claim One
### [fdcpa]

### Jurisdiction

10.  This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. [hereinafter referred to as the "Act"].

11.  This is a claim for both statutory and actual damages brought by Plaintiff for Defendants' violation of the Act, which expressly prohibits a debt collector from engaging in unfair, deceptive and unconscionable debt collection practices.

12. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and Federal Rules of Civil Procedure.

### Allegations

13. Plaintiff hereby incorporates each and every allegation of paragraphs 1-9 nine as if fully rewritten herein.

14. The debt alleged to be owed herein, if owed, was a consumer debt which was provided and obtained for personal, household or family purposes.

15. Defendants engaged in the business of collecting consumer debts using the mails, telephone and other means utilized in interstate commerce as well as the courts of the state of Ohio.

16. Without limiting the scope of any violation which may have been committed by Defendants, their conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Act:

> (a) the filing of legal actions against Plaintiff, both in the form of a civil complaint and wage garnishment in a judicial district in which a consumer did not contract to receive the services in question or where the consumer did not reside at the commencement of the action in question in violation of 15 U.S.C. § 1692i;

(b) the false representation of the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

( c ) the threat to take action that cannot be legally taken in violation of 15 U.S.C.§1692e(5);

(d) the utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. §1692e(10) and 15 U.S.C.§1692e; and

(e) the use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C.§ 1692f.

## Claim Two
## [OCSPA]

### Jurisdiction

17. This claim is claim made pursuant to the Ohio Consumer Sales Practices Act (hereinafter the "Act") O.R.C. §1345.01.01 *et seq*.

18. The jurisdiction of this Court is invoked pursuant to the principles of supplemental jurisdiction as set forth in 28 U.S.C. §1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

19. The parties are the same as those alleged in claim one.

20. Plaintiff is a "consumer" as defined in O.R.C. §1345.01(D).

21. Defendants are "suppliers" as defined in O.R.C. §1345.01( c ) in that, subsequent to the consummation of a consumer transaction, Defendants engaged in the conduct of attempting to collect a debt.

### Allegations

22. Plaintiff hereby incorporates each and every allegation of paragraphs 1-9 and claim one as if fully rewritten herein.

23. Defendants' conduct in filing legal actions in the manner set forth above in connection with a consumer debt, constituted an unfair and deceptive consumer sales practice in violation of O.R.C. §1345.02 and O.R.C.§1345.03 as follows:

24. Defendants' acted unfairly by filing legal actions against consumers in a jurisdiction other than where the consumer resides or signed the contract.

25. Defendants knowingly made misrepresentations and misstatements in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of Defendants to collect a debt or the

consequences to the Plaintiff of non-payment of the debt which Plaintiff was likely to rely to her detriment in violation of O.R.C. §1345.03(B)(6);

26. Defendants falsely misrepresented the rights, obligations and remedies that the Plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10).

## **Prayer for Relief**

Plaintiff prays for the following relief:

a. For both statutory and actual damages as may awarded by the Court in all claims;

b. For reasonable attorney fees for all services performed by counsel in the prosecution of any claim as provided by law;

c. Reimbursement for all costs and expenses incurred in connection with the prosecution of this claim;

d. For a trial by jury on all appropriate issues; and

e. For any and all other relief this Court may deem appropriate.

                                                                       Respectfully submitted by:

                                                                       **/s/Steven C. Shane**
                                                                       Steven C. Shane (0041124)
                                                                       Trial Attorney for Plaintiff
                                                                       P.O. Box 73067
                                                                       Bellevue, KY 41073
                                                                       (859) 431-7800
                                                                       (859) 431-3100 fax
                                                                       Shanelaw@fuse.net